UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS WRIGHT,

        Petitioner,

v.                                 CASE NO. 05-CV-72718-DT
                                 HONORABLE GEORGE CARAM STEEH

DOUG VASBINDER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

      Petitioner Robert Thomas Wright, a state prisoner currently confined at the Parr Highway

Correctional Facility in Adrian, Michigan,[1] has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional

rights.  Petitioner challenges his April 14, 2003 state parole revocation.  For the reasons stated

below, the petition for writ of habeas corpus is **DENIED**.

**I.**      **Facts and Procedural History**

      Petitioner was serving a one to five year sentence for operating a motor vehicle while

intoxicated third offense when he was released on parole on May 1, 2002.  On June 15, 2002, he

was charged with a parole violation arising from a May 26, 2002 incident in which he allegedly

committed a sexual assault upon his 20-year-old niece, Barbara Ann Wright.  Petitioner was

_____

      [1]At the time he initiated this action, Petitioner was incarcerated at the G. Robert Cotton
Correctional Facility in Jackson, Michigan where Doug Vasbinder is the warden.

1

criminally charged for the incident, but those charges were dismissed upon the prosecution's motion due to a perceived inability to meet the burden of proof in criminal proceedings.

A parole violation report was nonetheless issued and counsel was appointed to represent Petitioner. A formal revocation hearing on the charges was conducted in February, 2003. At that hearing, Ms. Wright essentially testified that Petitioner coerced her to engage in sexual activity against her will. Petitioner denied the charge and testified that Ms. Wright initiated and voluntarily performed oral sex on him. Exhibits admitted at the hearing included a State Police laboratory report which indicated that testing failed to identify seminal fluid or foreign hairs on samples and materials taken from Ms. Wright, as well as a supplemental report with the same findings and an added notation that the absence of seminal fluid did not rule out the possibility that a sexual act occurred. The dismissal of the criminal charges was also placed on the record. Petitioner, through counsel, had an opportunity to question witnesses and present evidence and arguments in his defense. On March 20, 2003, the hearing examiner issued a report crediting Ms. Wright's version of events and finding Petitioner guilty of the parole violation charge. On March 14, 2003, the Michigan Parole Board issued a decision revoking Petitioner's parole and continuing his incarceration for 24 months before further parole consideration. Petitioner sought rehearing of the decision, but his request was denied.

Petitioner filed a petition for judicial review of the parole board decision with the Ingham County Circuit Court, which was denied for lack of jurisdiction. *Wright v. Michigan Parole Bd.*, No. 04-490-AA (Ingham Co. Cir. Ct. April 22, 2004).

Petitioner then filed a complaint for writ of habeas corpus challenging the parole revocation decision with the Jackson County Circuit Court, which was denied on the merits. The

2

court concluded that Petitioner failed to show a radical defect in jurisdiction given the victim's

testimony, the hearing examiner's credibility determination, and the lower standard of proof in

parole proceedings. *Wright v. Vasbinder, et al.,* No. 04-003813-AH (Jackson Co. Cir. Ct. June

9, 2004). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals,

which was denied for lack of merit in the grounds presented. *Wright v. Department of*

*Corrections*, No. 256404 (Mich. Ct. App. Oct. 29, 2004). Petitioner filed an application for

leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *Wright*

*v. Department of Corrections*, No. 127387 (Mich. June 28, 2005).

Petitioner thereafter filed the present federal habeas petition, raising the following claims

as grounds for relief:

     I.     The Ingham County Circuit Court erred by dismissing the petition for
judicial review of a decision to revoke parole on the grounds that the court
lacked jurisdiction where prisoners can no longer appeal decisions of the
Michigan Parole Board whether to grant or deny parole.

     II.     The Jackson County Circuit Court's summary dismissal of the petition for
writ of habeas corpus was improper and contrary to or an unreasonable
application of clearly established Supreme Court precedent and was an
abuse of discretion.

     III.     The hearing examiner's decision to find Petitioner guilty was not based on
sufficiently reliable evidence.

     IV.     Petitioner's due process rights were violated when the parole officer
requested that a document be altered to be used against Petitioner and the
hearing examiner knowingly used the altered document as evidence to
find Petitioner guilty of the parole violation charge.

Respondent has filed an answer to the petition, asserting that it should be denied for lack of

merit. Petitioner has filed a reply to that answer.

**II.**     **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>         application of, clearly established Federal law, as determined by the
>         Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination
>         of the facts in light of the evidence presented in the State court
>         proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see*

*also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a

4

federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**III.**     <u>**Analysis**</u>

     A.     <u>Ingham County Circuit Court Claim</u>

Petitioner first asserts that he is entitled to habeas relief because the Ingham County

Circuit Court improperly dismissed his petition for judicial review on jurisdictional grounds by relying upon *Morales v. Michigan Parole Bd.*, 260 Mich. App. 29, 676 N.W.2d 221 (2003). The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Chandler v. Curtis*, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, 2003 WL 1708109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). Petitioner only alleges a state law error with respect to this issue. It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted as to this claim.[2]

   B.   Jackson County Circuit Court Claim

   Petitioner next contends that he is entitled to habeas relief because the Jackson County Circuit Court dismissed his state habeas petition without requiring an answer from the State and without fully addressing his issues. Petitioner relies upon *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), in making this claim.

   Those cases make clear that the requirements of due process apply to the revocation of an individual's parole. The United States Supreme Court has held that a parolee is entitled to

---

[2]Moreover, even if the Ingham County Circuit Court erred in dismissing Petitioner's appeal, *see People v. Kaczmarek*, 464 Mich. 478, 485, 628 N.W.2d 484, 488 (2001); *Nival v. Burt*, No. 03-CV-70783-DT, 2003 WL 22284562, *3 (E.D. Mich. Sept. 26, 2003) (discussing Michigan parole revocation appeals), Petitioner was not denied due process as he had an opportunity to challenge the parole revocation decision in the state courts via his state habeas proceedings.

6

two hearings.  First, due process requires a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the parolee has committed acts that would constitute a violation of parole conditions.  *Morrissey*, 408 U.S. at 485 (citations omitted). Second, a parolee is entitled to a revocation hearing prior to the final decision by the parole authority.  *Id.* at 487-88.  The procedures required at the formal revocation hearing include written notice of the alleged parole violations, disclosure of evidence against the parolee, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body such as a traditional parole board, and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking parole.  *Id.* at 489.

The record in this case reveals that Petitioner received all of the process he was due under *Morrissey* during his proceedings before the Michigan Parole Board.  *Morrissey* does not require that the State grant an appeal from a formal revocation proceeding.  *See Hopkins v. State*, 876 F.2d 894, 1989 WL 63271, *1 (6th Cir. 1989) (unpublished); *Manus v. Hudson, et al.*, No. 1:05-CV-122-TS, 2005 WL 2105948, *1-2 (N.D. Ind. Aug. 31, 2005).  Further, there is no federal constitutional right to appeal in criminal cases.  *See Martinez v. Court of Appeal*, 528 U.S. 152, 165 (2000) (concurring opinion, Scalia, J.) (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894)).  Of course, once the State creates an appellate system, the process must comport with due process and equal protection guarantees.  *See, e.g., Evitts v. Lucey*, 469 U.S. 387, 393 (1985).  Petitioner, however, has not shown that the Jackson County Circuit Court violated his due process or equal protection rights in denying him relief.  The court issued a written opinion stating the reasons for its decision.  While Petitioner may have desired that more detailed

7

attention be given to his case, the court's dismissal does not establish that he failed to receive due process. *See, e.g., Perks v. Vasbinder*, No. 05-CV-72657-DT, 2006 WL 2594470, *9 (E.D. Mich. Sept. 8, 2006) (indicating that due process is not violated by short order denying leave to appeal for lack of merit as opposed to detailed appellate opinion as both consider case merits); *Walker v. McKee*, 366 F. Supp. 2d 544, 549 (E.D. Mich. 2005). The alleged failure of the Jackson County Circuit Court to serve the State or to more fully address Petitioner's claims thus raises, at most, an issue of state law. As noted, a federal court may not grant habeas relief based on a perceived state law error. *See Estelle,* 502 U.S. at 67-68. Petitioner is thus not entitled to relief on this claim.

      C.    <u>Sufficiency of Evidence Claim</u>

      Petitioner next asserts that he is entitled to habeas relief because the decision to revoke his parole was not based upon sufficiently reliable evidence. Although the Supreme Court has not specifically held that the Due Process Clause requires sufficiency of the evidence for a parole violation, it has suggested this is so. *See Black v. Romano*, 471 U.S. 606, 615-16 (1985); *see also Douglas v. Buder*, 412 U.S. 430 (1973) (per curiam). Proof beyond a reasonable doubt is not required for a parole revocation. *See Sampson v. California*, _ U.S. _, 126 S. Ct. 2193, 2197-98 (2006) (citing *United States v. Knights*, 534 U.S. 112, 120 (2001)). In Michigan, the prosecution bears the burden of establishing a parole violation by a preponderance of the evidence. *See People v. Ison*, 132 Mich. App. 61, 66, 346 N.W.2d 894 (1984).

      In this case, the hearing examiner reviewed the testimony presented at the parole hearing and found Petitioner guilty of the parole violation charge based upon the testimony of the victim, Ms. Wright. The parole board revoked Petitioner's parole. The Jackson County Circuit

8

Court subsequently denied Petitioner habeas relief because the parole decision was supported by Ms. Wright's testimony. The court noted that the parole revocation decision was not inconsistent with the dismissal of related criminal charges because of the differing burdens of proof in criminal cases (proof beyond a reasonable doubt) and parole revocation cases (proof by a preponderance of the evidence). The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.

Those decisions are neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts presented at the revocation hearing. The testimony of Ms. Wright, if believed, provided sufficient evidence to sustain the conclusion that Petitioner committed a sexual assault and violated the terms of his parole. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (testimony of sexual assault victim alone provided sufficient evidence for conviction). Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the fact-finder, not a federal habeas court, to resolve evidentiary conflicts. *See Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Moreover, a person may be found guilty of a parole violation even if criminal charges arising from the same conduct are dismissed prior to trial. *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991); *Taylor v. United States Parole Commission*, 734 F.2d 1152, 1155 (6th Cir. 1984). The victim's testimony provided sufficiently reliable proof, by

9

a preponderance of the evidence, that Petitioner committed the charged parole violation.

Habeas relief is not warranted on this claim.

>        D.        Documentary Evidence Claim

Lastly, Petitioner contends that he is entitled to habeas relief because a parole officer requested and obtained a supplemental police laboratory report which the hearing examiner relied upon to find him guilty of the parole violation charge.

It is well-established that a parole board or a court may consider evidence at a parole revocation hearing that would be inadmissible in a criminal prosecution. "*Morrissey* states that the parole revocation process 'should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.' 408 U.S. at 489." *United States v. Kirby*, 418 F.3d 621, 627 (6th Cir. 2005). Furthermore, alleged errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals denied leave to appeal on this issue for lack of merit in the grounds presented. That decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Petitioner has not shown that the admission of the supplemental laboratory report violated his constitutional rights. Both the original report and the supplemental report were exhibits at the parole revocation hearing. Petitioner, through counsel, had the opportunity to challenge the supplemental report. The hearing examiner was

thus well aware of the distinction between the reports.  The hearing examiner was also aware that the criminal charges against Petitioner had been dismissed.  Even if the parole agent requested a supplemental report as claimed, Petitioner has not shown how such a request invalidates the report or otherwise violates his due process rights.  Petitioner has also not shown that the hearing examiner improperly relied upon the supplemental report.  Conclusory allegations are insufficient to warrant habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).  Petitioner is not entitled to relief on this issue.

IV.     **Conclusion**

For the reasons stated, this Court concludes that Petitioner has not established that he is entitled to habeas relief on the claims presented.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

Dated:  January 11, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 11, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk