UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT THOMAS WRIGHT,

        Petitioner,

v.                                CASE NO. 05-CV-72718-DT
                                HONORABLE GEORGE CARAM STEEH

DOUG VASBINDER,

        Respondent.
        _____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

      Petitioner has filed a motion for a certificate of appealability and a motion to proceed *in forma pauperis* on appeal concerning this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

1

"A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

Having reviewed the matter, the Court concludes that Petitioner has failed to a make a substantial showing of the denial of a constitutional right as to his habeas claims.  First, his jurisdictional challenge concerns a state law issue which is not cognizable upon habeas review. *See Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Second, the record establishes that Petitioner received all the process he was due during the parole revocation proceedings under the standard set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972).  Third, sufficient evidence was presented to support the parole revocation decision.  The testimony of the victim, if believed, provided proof by a preponderance of the evidence that Petitioner was guilty of the parole violation charge.  Lastly, Petitioner has not shown that the admission of the supplemental laboratory report was improper or rendered the proceedings fundamentally unfair.  Both the original report and the supplemental report were exhibits at the revocation hearing and Petitioner had the opportunity to contest those reports.

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his habeas claims.  Accordingly, the Court **DENIES** his motion for a certificate of appealability.  The Court further concludes that an appeal cannot be taken in good faith and thus **DENIES** his motion for leave to proceed on appeal *in forma pauperis*, *see* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

**Dated:  February 21, 2007**

s/George Caram Steeh
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

---

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on February 21, 2007, by electronic and/or ordinary mail.**

s/Josephine Chaffee
**Deputy Clerk**

---